IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| G.M. SIGN, INC., an Illinois corporation, individually and as the representative of a a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>MFG.COM, INC.<br><br>Defendant. | Case No.<br>Removed from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois<br>Case No. 08CH4258 |

### NOTICE OF REMOVAL

Defendant MFG.com, Inc. ("MFG") files this Notice of Removal of this action from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Case No. 08CH4258, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court:

1. Plaintiff filed an action styled *G.M. Sign, Inc., an Illinois corporation, individually and as the representative of a class of similarly situated persons v. MFG.com, Inc.*, Case No. 08CH4258, in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, on November 6, 2008. MFG received Plaintiff's Summons and a copy of the Complaint on November 11, 2008. A true and exact copy of the Summons and Complaint are attached as **Exhibit A**.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because MFG has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332(d).

### I. MFG HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3. Plaintiff served MFG with the Summons and Complaint on November 11, 2008. Docket Sheet and Return of Service (attached as **Exhibit B**). Accordingly, this Notice of

Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty days after MFG was served with a copy of the initial pleading setting forth the claim for relief upon which this action is based.

4. No proceedings have occurred in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, as of the date of this Notice of Removal. MFG has not filed a responsive pleading to the Complaint. MFG hereby reserves all rights to assert any and all defenses to the Complaint. MFG further reserves the right to amend or supplement this Notice of Removal.

5. Venue lies in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Northern District of Illinois. The Circuit Court of the 19th Judicial Circuit, Lake County, Illinois is located within the Eastern Division of the Northern District. Venue is, therefore, proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of "all process, pleadings, and orders served upon" MFG in this action are attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331.

7. This Court has subject matter jurisdiction over this case because Plaintiff's claim for alleged violations of the Telephone Consumer Protection Act (the "TCPA"), 28 U.S.C. § 227, arises under federal law.

8. Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. The TCPA is a "law of the United States," and Plaintiff's claim for alleged violations of the TCPA is, therefore, a "civil action arising under the . . . laws . . . of the United States."

10. Thus, federal district courts have original federal question jurisdiction over TCPA claims. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2006 WL 1132386, at *3 (N.D. Ill. Apr. 19, 2006) (denying motion to remand because "*Brill* is the only controlling authority on the issue, and clearly stands

for the notion that federal courts have 'arising under' jurisdiction over TCPA claims"); *see also Italia Foods, Inc. v. Marinov Enters., Inc.*, 2007 WL 4117626, at *4 (N.D. Ill. Nov. 16, 2007) ("[T]he Seventh Circuit has expressly concluded that TCPA claims brought in state court may be removed to federal court based upon either diversity or 'arising under' jurisdiction.").

11. In addition, this Court has jurisdiction over Plaintiff's state-law claims because they are joined with "a separate and independent claim or cause of action within the jurisdiction conferred by" 28 U.S.C. § 1331. *See* 28 U.S.C. § 1441(b).

12. Accordingly, this case is properly removable under 28 U.S.C. § 1331.

### III. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

13. This Court also has diversity jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because this is a putative class action in which: (1) based upon the allegations in the Complaint, there are 100 or more members in Plaintiff's alleged class; (2) members of the proposed class are citizens of different states than the MFG; and (3) based upon the allegations in the Complaint, the claims of the putative class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs.

#### A. Plaintiff's Proposed Class Consists Of More Than 100 Members.

14. In the Complaint, Plaintiff asserts a claim for alleged violations of the TCPA and seeks to represent a class (the "TCPA Class") on behalf of

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes and (4) with whom Defendant does not have an established business relationship.[1]

Compl. ¶ 16.

15. Plaintiff's definition of the purported TCPA Class is fatally flawed in several respects, including that it improperly includes a component of a defense (i.e., lack of evidence of prior express permission from the alleged recipients of the facsimile advertisements). *See G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2007 WL 4365359, at *3 (N.D. Ill. Dec. 13, 2007) (denying

---

[1] Plaintiff also asserts claims for conversion and alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA") on behalf of itself and purported classes that are virtually identical to the TCPA Class. The purported classes are distinct from one another only in their applicable timeframes, which mirror the statutes of limitations for each claim.

3

motion for class certification because of identical defect in proposed class definition). MFG disputes that such a definition is appropriate and expressly states that MFG does not, in relying on Plaintiff's proposed class definition for purposes of removal, concede liability as to any component of Plaintiff's claims. *See Brill*, 427 F.3d at 449 (stating that defendant in TCPA case need not confess liability to satisfy CAFA removal requirements). MFG is an online marketplace for the manufacturing community that matches qualified suppliers of manufacturing services to buyers of such manufacturing services. MFG uses facsimile messages, among other means, to communicate with buyers and suppliers regarding demand for and the availability of manufacturing services. L. Kinnebrew Decl. ("Kinnebrew Decl.") ¶ 4 (attached as **Exhibit C**).

16. Between November 6, 2004 and November 6, 2008, MFG sent facsimile messages, which Plaintiff alleges constitute "advertisements" under the TCPA, to more than 100 persons. Kinnebrew Decl. ¶ 4.

17. Accordingly, based on Plaintiff's class definition, the aggregate number of members of the class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B. Minimal Diversity Exists.**

18. This Court has original jurisdiction under the Class Action Fairness Act (codified in scattered sections of 28 U.S.C.) ("CAFA") when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant*. . . . ) (emphasis added).

19. MFG is, and was at the time Plaintiff commenced this action, a corporation duly organized and validly existing under the laws of the State of Delaware, which maintains its principal place of business in Georgia. Kinnebrew Decl. ¶ 3; Compl. ¶ 10. MFG is, therefore, a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

20. Based upon the allegations of the Complaint, Plaintiff is a citizen of Illinois. *See* Compl. ¶ 9.

21. Thus, because at least one member of the putative class is diverse from the defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

4

**C.     The Amount-In-Controversy Requirement Is Satisfied.**

22.     This action arises out of Plaintiff's allegations that MFG sent unsolicited facsimile advertisements in violation of the TCPA, the common law of conversion, and the ICFA. Compl. ¶¶ 1, 4.

23.     Under the TCPA, a party may not "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 27 U.S.C. § 227(b)(1)(C). The TCPA creates a private right of action for parties who receive such unsolicited facsimile advertisements. *See* 27 U.S.C. § 227(b)(3).

24.     The TCPA provides for statutory damages of $500 per unintentional violation. 47 U.S.C. § 227(b)(3)(B). If a court finds that a violation was knowing or willful, it may treble the statutory damages. 47 U.S.C. § 227(b)(3).

25.     Plaintiff seeks damages of $500 for each alleged violation of the TCPA by MFG between November 6, 2004 and November 6, 2008. Compl. at "Wherefore" clause on p. 6, subparagraph B. Plaintiff also seeks unspecified damages, attorneys' fees and costs of litigation, and injunctive relief in connection with its state-law claims. *Id.* at "Wherefore" clause on p. 9, subparagraph C, "Wherefore" clause on p. 12, subparagraphs C, D.

26.     Between November 6, 2004 and November 6, 2008, MFG sent more than 10,000 facsimile messages, which Plaintiff alleges constitute "advertisements" under the TCPA. Kinnebrew Decl. ¶ 4.

27.     Based upon the relief Plaintiff seeks for each fax and the number of faxes sent by MFG during the relevant time period, the amount in controversy for the claims of the alleged class members exceeds $5,000,000, exclusive of interest and costs, and the amount in controversy requirement for CAFA is therefore satisfied. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); *see also Brill*, 427 F.3d at 449 (reversing remand in TCPA case where "recovery exceeding $5 million for the class as a whole [wa]s not 'legally impossible'").

28.     While MFG believes class certification is not appropriate in this action and that it will prevail on the merits of Plaintiff's claims, MFG has a good-faith belief based on Plaintiff's allegations that the amount in controversy in this matter, including, but not limited to, alleged

5

damages and attorney's fees, clearly exceeds the jurisdictional threshold of $5,000,000 contained in 28 U.S.C. § 1332(d).

29. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332(d).

30. Moreover, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any remaining claims of the putative class members. 28 U.S.C. § 1367; *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 567 (2005).

31. MFG, promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), will give written notice of the Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois.

WHEREFORE, MFG respectfully requests that this action be removed from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441 and 1453(b).

Respectfully submitted, this 11th day of December, 2008.

/s/ *Bart T. Murphy*
Bart T. Murphy
Illinois Bar No. 6181178
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, Illinois, 60532
(630) 955-6392
(630) 955-4271 (facsimile)
bart.murphy@icemiller.com

ATTORNEY FOR MFG.COM, INC.

*Of counsel:*

S. Stewart Haskins
Zachary A. McEntyre
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5142

6

Case: 1:08-cv-07106 Document #: 1 Filed: 12/11/08 Page 7 of 7 PageID #:7

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2008, I presented the foregoing **NOTICE OF REMOVAL** to the Clerk of the Court for filing and uploading to the CM/ECF system, as required by Federal Rule of Civil Procedure 5(a). I further certify that I mailed the foregoing document by first-class mail to the following:

>Brian J. Wanca
>Anderson + Wanca
>3701 Algonquin Road, Suite 7600
>Rolling Meadows, Illinois 60008
>
>Phillip A. Bock
>Bock & Hatch, LLC
>134 N. LaSalle St., Suite 1000
>Chicago, Illinois 60602

>/s/ Bart T. Murphy
>Bart T. Murphy
>Illinois Bar No. 6181178
>ICE MILLER LLP
>2300 Cabot Drive, Suite 455
>Lisle, Illinois, 60532
>(630) 955-6392
>(630) 955-4271 (facsimile)
>bart.murphy@icemiller.com

7